UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 22-cv-23651-JEM/Becerra

AISHA GOODISON,

       Plaintiff,
v.

LOYALTY PROPERTY MANAGEMENT
SERVICES, INC. and ROLLING GREEN
CONDOMINIUM C, INC.

       Defendants.
_____/

## REPORT AND RECOMMENDATION OF DISMISSAL

**THIS CAUSE** came before the Court on Plaintiff Aisha Goodison's Application to Proceed in District Court Without Prepaying Fees or Costs.[1] ECF No. [3]. Title 28, United States Code, Section 1915(e) provides, among other things, that a court must dismiss an *in forma pauperis* action at any time if it fails to state a claim for which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). After carefully reviewing Plaintiff's Complaint, for the reasons explained below, the undersigned concludes that the Complaint fails to state a claim for relief and, thus, must be dismissed.

The Complaint is brought "pursuant to Title III of the American with Disabilities Act of 1990, 42 U.S.C. § 12101, in reference to a discriminatory and abusive incident where [Plaintiff] was doused in industrial strength chemicals by one of [Defendants'] employees, in which doctors subsequently labelled a 'chemical attack'." ECF No. [1] at ¶ 1. Plaintiff alleges that she is "physically disabled … due to significant damage to the right femoral artery…" and is

---

[1] This matter was referred to the undersigned by the Honorable Jose E. Martinez, United States District Judge. ECF No. [7].

"substantially limited in the major life activity of walking or standing without severe pain for more than a few minutes at a time, which necessitates constant sitting." *Id*. at ¶¶ 5-7. Plaintiff further alleges that Defendant Loyalty Property Management Services, Inc. is a property management company that manages the condominium where a mentally disabled man, identified by his initials as EGJ, resides. *Id*. at ¶¶ 11, 16, 22-24. Plaintiff's mother helps care for EGJ. *Id*. at ¶ 16. Defendant Rolling Green Condominium C, Inc. is allegedly the association for EGJ's condominium. *Id*. at ¶ 12.

The gravemen of the Complaint appears to be Plaintiff's allegation that "[a]s Plaintiff sat outside EGJ's condo and was speaking on a mobile phone call …without any warning Plaintiff was doused in industrial strength chemicals from above (third floor)." *Id*. at ¶ 67. Plaintiff further alleges that when she "looked up to see where the chemicals were coming from … [she] saw Defendants' cleaning lady, who upon information and belief is named 'Liliana', looking down on her from the third floor, with a malicious and smug look on her face." *Id*. at ¶¶ 72-73. Plaintiff requests $50,000.00 in compensatory damages, $5,000,000.00 in punitive damages, and "legal fees, costs and litigation expenses" as well as "other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disability Act." *Id*. at ¶¶ 137-139.

To state a claim for relief, the plaintiff must plead facts that make out a claim that is plausible on its face and raises the right to relief beyond a speculative level. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Plaintiff's Complaint suffers from numerous deficiencies, the most fundamental of which is that the facts alleged do not give rise to a claim under Title III of the Americans with Disabilities Act ("ADA").

Title III of the ADA provides that:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a). "A plaintiff alleging Title III ADA discrimination must initially prove that (1) [s]he is a disabled individual; (2) the defendants own, lease, or operate a place of public accommodation; and (3) the defendants discriminated against the plaintiff within the meaning of the ADA. 42 U.S.C. § 12182(a)." *Norkunas v. Seahorse NB, LLC*, 444 Fed. App'x 412, 416 (11th Cir. 2011). More specifically, to state a claim under the ADA, the plaintiff must "show a disability, the denial of a public benefit, and that such denial of benefits, or discrimination was by reason of the plaintiff's disability." *Kornblau v. Dade County*, 86 F.3d 193, 194 (11th Cir.1996). The Complaint does not allege facts which satisfy these elements.

The protections of the ADA only apply in places of public accommodation, which are generally hotels, restaurants, theaters, and stores. 42 U.S.C. § 12181(7). Private residential facilities are not public accommodations subject to the ADA, unless they are used for short-term rentals akin to a hotel. *See Clark v. Dalland Props, LP*, No. 13-62172-CIV, 2013 WL 12304826, at *3 (S.D. Fla. Oct. 22, 2013) (collecting cases); *Champlin v. Sovereign Residential Servs.*, No. 608-CV-55, 2008 WL 2646627, at *4 (M.D. Fla. June 26, 2008) ("whether the residential condominium units are rented out short or long term, they will not be viewed as a 'public accommodation' unless akin to a hotel, *i.e.,* overnight 'rental' of the units."). The Complaint does not contain any facts which give rise to a plausible inference that EGJ's condominium, where the alleged incident took place, is a place of public accommodation.

Further, Plaintiff does not allege what "goods, services, facilities, privileges, advantages, or accommodations" Defendants denied her. Nor does the Complaint give rise to a plausible

3

inference that Defendants discriminated against Plaintiff "on the basis of [her] disability." 42 U.S.C. § 12182(a).  Importantly, the Complaint contains no facts that show "Liliana" was employed by or acted as an agent of Defendants such that they can be held liable for her conduct. Rather, Plaintiff only alleges in conclusory fashion that Liliana was "Defendants' cleaning lady."

Even if Liliana's conduct is actionable under the ADA and could be attributed to Defendants, there are no facts alleged which show that Liliana "deliberately doused [Plaintiff] in strong chemicals," ECF No. [1] at ¶ 33, *because of* Plaintiff's alleged "physical disability."  To the contrary, the Complaint is silent as to Liliana's alleged motivation and, at best, the Complaint indicates that Defendants were allegedly hostile to Plaintiff because she and her mother assisted EGJ, not because Plaintiff herself suffered from a disability.

Finally, the Complaint is an impermissible shotgun pleading for at least two reasons.  First, the Complaint is laden with extraneous allegations that concern EGJ or Plaintiff's mother.  Plaintiff only has standing to assert claims on her own behalf.  *See Conn v. Gabbert*, 526 U.S. 286, 292 (1999) (a "plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.") (citing *Warth v. Seldin,* 422 U.S. 490, 499, (1975)); FED. R. CIV. P. 17(a)(1) ("An action must be prosecuted in the name of the real party in interest."). As such, the relevant conduct of Defendants is that directed towards Plaintiff, not other individuals.  The inclusion of largely irrelevant factual allegations, which comprise most of the 139 paragraphs set forth in the Complaint, make it difficult to discern the basis of Plaintiff's claim.  "A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading" and is subject to dismissal."  *Lampkin-Asam v. Volusia County School Board*, 261 Fed. App'x 274, 277 (11th Cir. 2008).

4

Second, the Complaint fails to clearly distinguish between the conduct of each Defendant. Plaintiff refers generally to "Defendants" throughout the Complaint, and not does not specify how each Defendant allegedly violated the ADA.  It is well-established in the Eleventh Circuit that "a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against" must be dismissed as a shotgun pleading.  *Burke v. Custom Marine Group*, 847 F. App'x 578, 580-81 (11th Cir. 2021) (citation omitted).

The undersigned is cognizant that Plaintiff is proceeding without counsel, and a *pro se* complaint is "liberally construe[d]" and held to "a less stringent standard than pleadings drafted by attorneys." *Richardson v. Mobile Sheriff's Dept.*, 832 F. App'x 673 (11th Cir. 2020) (citation omitted).  However, courts "may not serve as *de facto* counsel for a party [or] rewrite an otherwise deficient pleading in order to sustain an action." *Id*. (quotation marks and citation omitted).

Accordingly, for the foregoing reasons, it is hereby **RECOMMENDED** that Plaintiff's Complaint, ECF No. [1], be **DISMISSED WITHOUT PREJUDICE** and Plaintiff be given leave to file an amended complaint within thirty (30) days.  In light of this recommendation, it is **FURTHER RECOMMENDED** that Plaintiff's Motion to Proceed *In Forma Pauperis*, ECF No. [3], and Plaintiff's Motion for Referral to Volunteer Attorney Program, ECF No. [5], both be **DENIED WITHOUT PREJUDICE**.

I.     **OBJECTIONS**

A party shall serve and file written objections, if any, to this Report and Recommendation with the District Court within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation.  Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal

5

conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, on July 28, 2023.

_____
**JACQUELINE BECERRA**
**United States Magistrate Judge**