UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-23651-CIV-Martinez/Sanchez

AISHA GOODISON,

    Plaintiff,

v.

LOYALTY PROPERTY MANAGEMENT
SERVICES, INC., *et al.*

    Defendants.

_____/

**REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO REOPEN THIS CASE**

This matter is before the Court on Plaintiff's October 25, 2024 Letter to the Clerk of the Court, which the Court construes as a motion to reopen this case. ECF No. 14.[1] Having carefully reviewed the motion, the pertinent portions of the record, the applicable law, and being otherwise fully advised in the premises, the undersigned **RESPECTFULLY RECOMMENDS** that Plaintiff's motion to reopen this case, ECF No. 14, be **DENIED** and that this case be **DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**.

**I.  DISCUSSION**

Plaintiff, proceeding *pro se*, initially filed a complaint pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101, alleging that she had been "doused in industrial strength chemicals" by one of Defendants' employees. ECF No. 1. Plaintiff also filed a motion to proceed *in forma pauperis*. ECF No. 3. The Court dismissed Plaintiff's initial complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because it was an impermissible shotgun pleading that failed to state a claim upon which relief could be granted, and it denied Plaintiff's motion to

---

[1] The Honorable Jose E. Martinez, United States District Judge, referred Plaintiff's motion to the undersigned. ECF Nos. 7, 12.

proceed *in forma pauperis*. ECF Nos. 8, 9. In that Order, the Court granted Plaintiff leave to file an amended complaint by September 13, 2023. ECF Nos. 8, 9. Plaintiff thereafter filed an amended complaint "pursuant to Florida Statutes 768 and 42 U.S.C. § 12205" alleging the same facts but claiming negligence.[2] ECF No. 10.

When Plaintiff thereafter filed a "Motion for Continuance," the Court ordered Plaintiff to "either pay the filing in this case or file a renewed motion to proceed *in forma pauperis*" by September 16, 2024, and to "serve the defendants in this case in accordance with Rule 4 of the Federal Rules of Civil Procedure on or before November 12, 2024." ECF No. 13 at 3. To date, Plaintiff has not paid the filing fee, has not filed a renewed motion to proceed *in forma pauperis*, and has not served the defendants, as required by this Court's Order.[3] Plaintiff's failure to comply with the Court's Order requiring her to pay the filing fee or file a renewed morion to proceed *in forma pauperis* and to serve the defendants is sufficient grounds to dismiss Plaintiff's amended complaint. *See* Fed. R. Civ. P. 41(b); Fed. R. Civ. P. 4(m); *Equity Lifestyle Props., Inc. v. Fla. Mowing and Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009).

However, a review of Plaintiff's amended complaint reveals that this case should be dismissed for lack of subject matter jurisdiction. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of

---

[2] Chapter 768 of the Florida Statutes contains Florida's statutory provisions addressing negligence torts. *See* Fla. Stat. §§ 768.041-768.81.

[3] Although Plaintiff's October 25, 2024 Letter to the Clerk explains that the Clerk's office did not issue summonses to her while her filing fee was unpaid and she had a pending petition to proceed *in forma pauperis*, *see* ECF No. 14, Plaintiff has still not paid her filing fee and she has not had a pending petition to proceed *in forma pauperis* since August 16, 2023, *see* ECF No. 9. Here, despite the time that she has been allowed, Plaintiff has simply not taken the necessary steps to obtain and serve summonses on the defendants, as she was required and ordered to do.

establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citations omitted). "The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation . . . ." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006). "[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Here, Plaintiff alleges subject matter jurisdiction based upon a federal question, specifically citing 28 U.S.C. § 1331 and asserting that § 1331 federal question jurisdiction arises in this case from "Defendants' violations of the Florida Statutes." *See* ECF No. 10 at 1-2.[4] However, federal question jurisdiction exists when an action arises under federal law. *See* 28 U.S.C. § 1331; *see also, e.g.*, *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 376-77 (2012); *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998) ("In general, a case 'arises under' federal law if federal law creates the cause of action, or if a substantial disputed issue of federal law is a necessary element of a state law claim."). Claims based solely on state law do not give rise to federal question jurisdiction. *See, e.g.*, *Dunlap v. G & L Holding Grp.*, 381 F.3d 1285, 1290-91 (11th Cir. 2004).

Here, the amended complaint is based solely on Florida state law rather than federal law. Although the amended complaint continues to suffer from the shotgun pleading deficiencies previously identified in Judge Becerra's Report and Recommendation, *see* ECF No. 8 at 4-5, it is nonetheless evident that Plaintiff's amended complaint is attempting to assert negligence claims arising under the state law of Florida—not asserting any claims based on or even implicating federal law—and the lack of any claim arising under federal law thus results in a lack of subject

---

[4] Notably, the amended complaint does not invoke the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332, and it alleges no facts establishing diversity of citizenship.

matter jurisdiction. *See, e.g.*, *Ray v. Tenn. Valley Auth.*, 677 F.2d 818, 825-26 (11th Cir. 1982) (upholding dismissal for lack of federal question subject matter jurisdiction of claim based solely on state law); *Bryant v. Ally Fin.*, 452 F. App'x 908, 910 (11th Cir. 2012) (affirming dismissal for lack of subject matter jurisdiction where "there was no basis for § 1331 federal question jurisdiction because the pleadings show that all of [plaintiff's] claims arose under state law" and there was no basis for diversity jurisdiction). While Plaintiff cites to 42 U.S.C. § 12205, a federal statutory provision which allows courts to award attorney's fees to a prevailing party in certain actions commenced under the Americans with Disabilities Act, the amended complaint does not assert any claim under the Americans with Disabilities Act, and § 12205 does not create any independent federal cause of action. *Bascle v. Shadrall Riverside Mkt.*, 2012 WL 1565301, at *2 (E.D. La. Apr. 30, 2012) (holding that 42 U.S.C. § 12205 "by itself, does not create an independent cause of action"); *see also, e.g.*, *McLaughlin v. City of LaGrange*, 662 F.2d 1385, 1388 n.1 (11th Cir. 1981) (holding that 42 U.S.C. § 1988, which provided for an award of attorney's fees to a prevailing party in actions to enforce certain statutory rights, did not create an independent cause of action); *U.S. ex rel. Chabot v. Westgate Homes, Inc.*, No. 606CV-1534-ORL-19KRS, 2008 WL 360785, at *1 (M.D. Fla. Feb. 8, 2008) (explaining that, "unless otherwise specified by statute, a request for an award for attorneys' fees is simply a demand for a particular remedy rather than an independent cause of action") (quotation omitted); *Lokai Holdings LLC v. Twin Tiger USA LLC*, 306 F. Supp. 3d 629, 644 (S.D.N.Y. 2018) (dismissing counterclaim for attorney's fees because "an award of attorney's fees is a remedy that underlies a cause of action, but does not give rise to a separate one").

Because the Court lacks subject matter jurisdiction over the state law claims asserted in Plaintiff's amended complaint, Plaintiff's request to reopen this case should be denied, and her amended complaint should instead be dismissed for lack of subject matter jurisdiction.

Alternatively, the amended complaint should be dismissed due to Plaintiff's failures to pay the filing fee in this case and to serve the defendants, as previously ordered by this Court.

## II. CONCLUSION

For the foregoing reasons, the undersigned **RESPECTFULLY RECOMMENDS** that Plaintiff's Motion to Reopen Case, ECF No. 14, be **DENIED** and that the amended complaint be **DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**.

Within fourteen (14) days from the date of this Report and Recommendation, that is, **by no later than June 27, 2025**, the parties shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Jose E. Martinez, United States District Judge. Failing to file timely objections will bar a *de novo* determination by the District Judge of any issue addressed in the Report and Recommendation, will constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions," and will only allow appellate review of the district court order "for plain error if necessary in the interests of justice." 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**RESPECTFULLY RECOMMENDED** in Chambers in Miami, Florida, this 13th day of June 2025.

                                                    EDUARDO I. SANCHEZ
                                                    UNITED STATES MAGISTRATE JUDGE

cc:    Hon. Jose E. Martinez

       Aisha Goodison, *pro se*
       20873 N.W. 9th Court, Apt. 202
       Miami, Florida 33169
       Email: sonfl@bellsouth.net